# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:15-CV-00520-GCM

| | |
|---|---|
| ERIN KEENA, | ) |
| **Plaintiffs,** | ) |
| v. | ) **ORDER** |
| GROUPON, INC., | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion to Amend, filed July 19, 2016. (Doc. No. 33) On June 21, this Court ordered that the instant matter be stayed while Plaintiff proceeded to arbitrate her claims against Defendant. (Doc. No. 32) In her Motion, Plaintiff alleges that she has no intention of arbitrating her claims, because the cost of arbitration outweighs the potential recovery. (Doc. No. 33 at 2-4; Doc. No. 33-1) Accordingly, Plaintiff requests that the Court dismiss her case with prejudice.[1] (Doc. No. 33 at 4) Defendant apparently takes no position with regard to Plaintiff's request that this case be dismissed. (*Id.* at 2)

The Fourth Circuit has held that although the Federal Arbitration Act, by its terms, requires the Court to stay judicial proceedings when they are covered by written arbitration agreements, dismissal is also a proper remedy when all the issues in the suit are arbitrable. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc*, 252 F.3d 707, 709-710 (4th Cir. 2001). In this instance, each

---

[1] In the alternative, Plaintiff requests that this Court certify an interlocutory appeal. (Doc. No. 33 at 4) However, this would not be appropriate under the circumstances. Section 16 of the Federal Arbitration Act allows litigants to appeal a district court's order pertaining to arbitration under a narrow range of enumerated circumstances, and the granting of a motion to compel arbitration is not included. 9 U.S.C. § 16(a)(1). Indeed, the same section explicitly provides that "an appeal may not be taken from an interlocutory order . . . granting a stay of any action under section 3 of this title." *Id.* § 16(b)(1). The district court has discretion to nonetheless certify an interlocutory appeal if its order "involves a controlling question of law as to which there is substantial ground for difference of opinion." *Id*; 28 U.S.C. § 1292(b). However, it appears to the Court that this case does not present that circumstance. Thus, Plaintiff's request will be denied.

of Plaintiff's claims is subject to the arbitration agreement that she signed. Thus, dismissal is an appropriate remedy. Moreover, because Plaintiff has indicated that she has no intention of proceeding to arbitration, continuing to stay the current proceedings serves no useful purpose. At least one other federal district court has found that, under such circumstances, dismissal is warranted. *LaVoice v. UBS Fin. Servs., Inc.*, No. 11 CIV. 2308, 2012 WL 2774968, at *1 (S.D.N.Y. July 5, 2012).

      **IT IS THEREFORE ORDERED** that the Court's June 21, 2016 Order staying this action is **AMENDED**. Plaintiff's claims are **DISMISSED** with prejudice.

      **SO ORDERED.**

Signed: July 22, 2016

Graham C. Mullen
United States District Judge